## CHAVES *v.* PEREA, Adm'r, etc.

January Term, 1884.

1. APPEAL FROM PROBATE COURT—JURISDICTION.
The probate court being a court of limited jurisdiction, jurisdiction must affirmatively appear on its record. Therefore, where, on appeal from the disallowance of a claim against an estate, the record fails to show the appearance of the administrator, or that he was cited to appear, the probate court was without jurisdiction, and the district court could only acquire the case for the purpose of dismissing the proceeding.

2. SAME—CONDITIONS AND REQUISITES.
Under Comp. Laws N. M. p. 122, § 4, (Prince, St. p. 76, § 4,) providing that "appeals from the judgment of the probate judge shall be allowed to the district court in the same manner, and subject to the same restriction, as in case of appeals from the district to the supreme court," and also Comp. Laws N. M. p. 184, § 5, providing that "appeals from the probate courts shall be taken hereafter in the same manner as from justices of the peace at the term when the order or judgment appealed from shall have been rendered, and the bond shall be approved by the probate judge," it is essential to the validity of an appeal from the probate court to comply with the requisites of both kinds of appeals.

*Fiske & Warren,* for appellant.

*C. C. McComas* and *Catron & Thornton,* for appellee.

BRISTOL, J.   This case originated in the probate court of Bernalillo county, in the Second judicial district.   It was appealed therefrom to the district court of that county, where the appeal was dismissed for irregularity, and it is here on appeal from such final determination thereof in the court below.   The proceeding was instituted in the probate court for the allowance of a claim or account against the estate of Salvador Armijo, deceased, in favor of Chaves, the plaintiff below, and appellant here.   The account is as follows:

ALBUQUERQUE, N. M., June 9, 1879.

*The estate of Salvador Armijo, to J. Francisco Chaves,*

|  |  |  | Dr. |
|---|---|---|---|
| 1877. | | | |
| March 19. | To 572 sheep @ 1 75, - - - | | $1001 00 |
| Feb. 22. | To 100 ewes @ 1 75, - - - - | | 175 00 |
| Feb. 22. | To 100 withers @ 1 25, - - - | | 125 00 |
| 1879. | | | |
| April 1. | To two years' legal services @ $250 00 per annum as per contract, - - - - | | 500 00 |
| 1878. | | | |
| Oct. 10. | To one house, - - - - - | | 30 00 |
| 1879. | | | |
| May 13. | To one house taken, - - - - | | 150 00 |
| May 13. | To one house taken, } Salvador Gonzales, { - - - | | 30 00 |
| | | | $2011 00 |

It seems from the record that this account, in the first instance, had been presented to the defendant below, Jesus Ma. Perea, who was

the administrator of the estate of the deceased Armijo, who had refused to allow or pay the same. The account thereupon was presented to the probate court at a regular term thereof, on July 7, 1879. That court made an order embracing this and other claims against the estate, to the effect that "they not having been approved by the administrator, proof shall be introduced to substantiate such claims at a regular term." The record of the probate court further shows that thereafter, at a regular term held September 22, 1879, this account was called up for hearing by the plaintiff, and after hearing arguments on his behalf the claim was disallowed, and the entire account rejected. It does not appear from the record that any evidence was offered by plaintiff, or received by the court; but instead thereof the case was disposed of in the absence of the administrator on arguments for the plaintiff. The record not only fails to show the appearance of the administrator, but is also silent as to whether he had even been cited to appear, so as to confer jurisdiction to entertain the case. The probate court, having only an inferior and limited jurisdiction, conferred by express provisions of statute, jurisdiction must appear affirmatively upon its record. It cannot be presumed. The proceeding was in no sense a suit against the administrator to recover judgment for the amount of the claim. It was simply an application to the probate court to admit or allow the claim, as authority, perhaps, to the administrator to pay it, and to exempt him from personal liability if he did pay it. A suit, no doubt, could have been instituted in the district court to recover judgment thereon, wherein all issues of fact could have been litigated and settled whether the probate court had passed upon the question of allowing the claim or not, there being no statute requiring such allowance as a condition precedent to bringing an action.

For the purpose of the proceeding involved in the case at bar, however, the probate court *had exclusive original jurisdiction,* and while an appeal would lie from a final determination thereof to the chancery side of the district court, yet the latter court could not take jurisdiction except for the purpose of dismissal unless the inferior court had acquired jurisdiction. The provision of our statutes under which the probate court was authorized to act in the premises is as follows: "It shall be the duty of the probate judge to admit all claims against the estate *if properly sustained by legal evidence:* provided, the administrator be present at court to settle the said claims if admitted."

Several legal propositions are sustained under this statute: *First,* money demands upon unpaid accounts against the estates of intestates must be allowed, if at all, upon legal evidence sustaining the same. *Second,* such evidence must be taken and the claim passed upon at a regular session of the probate court; and, *third,* the administrator of the estate against whom the claim is made must either be present in court while the evidence is being taken and the claim passed upon, or at least he must have had an opportunity to be present and to

be heard by having a citation to appear served on him. In no other way could the probate court have acquired jurisdiction to act in the premises. Our crude and inefficient administration laws do not prescribe the practice to be pursued in this as in a multitude of other cases that may arise; yet it is obvious from the very nature of the proceeding and the right to be passed upon that the administrator should have an opportunity to be present in person or by counsel.

Probate courts, under the laws of this territory, only have jurisdiction over the *personal* estates of intestates. The legal title to any such personal estate is vested in the administrator, in the nature of a trust, for the settlement of the estate. Hence, it follows that all proceedings, whether by suit to recover judgment or a proceeding for the allowance of claims which have for their object the payment thereof out of such personal estate, should be instituted against the administrator, and in such a manner as will give him his day in court, he being the only person through whom a defense can be interposed. The administrator in this case not having been present at the time appellant's claim was passed upon by the probate court and rejected, nor having been cited to appear, that court acquired no jurisdiction, and its determination of the case is void and of no effect whatever. And if an appeal had been regularly taken to the district court, there would have been nothing to do except to dismiss the entire proceeding for want of jurisdiction. This proceeding could not be pleaded in bar of another, and, unless cut off by some statute of limitation, there is nothing to prevent a proceeding *de novo*, in the regular way, for the same purpose.

That irregularities should occur in the proceedings of probate courts and in the acts of administrators, is not at all surprising under the present condition of the law. No state or territory, it may be presumed, anywhere within the jurisdiction of the United States, has such a lame and inefficient code of administration laws as that which obtains in New Mexico. Judges of probate are elected to office and invested with complicated powers and duties touching the probate of wills, letters of administration, accounts against estates, accounts of executors and administrators, and hearing and determining rights in regard to the same. Administrators also are appointed and charged with the exercise of various powers and duties respecting the settlement of estates. But there are scarcely any laws upon our statute book prescribing the details of the duties of either, or the specific modes in which they may be performed. That valuable estates should melt away and mysteriously disappear, fictitious claims be allowed, honest debts left unpaid, and beneficiaries never receive what they are entitled to, in numerous instances, under our crude system of administering estates, is rather to be expected than wondered at. All this may happen without imputing any intentional fraud to these officials. It is the fault, mainly, of an imperfect system.

The appeal was dismissed by the court below, on the ground that the proper affidavit was not made. This is the only matter that is assigned as error. The point raised simply involves a construction of statutes. The first statute in regard to appeals from the probate to the district court came from the Kearney Code, and is as follows: "Appeals from the judgment of the probate judge shall be allowed to the district court in the same manner and subject to the same restriction as in case of appeals from the district to the supreme court." Comp. Laws, p. 122, § 4; also, Prince's St. p. 76, § 4.

The statute in regard to appeals from the district to the supreme court is as follows:

"Sec. 3. No such appeal shall be allowed, unless—*First*, the appeal be taken at the same term at which the judgment or decision appealed from was rendered; and, *second*, unless the appellant or his agent shall during the same term file in the court his affidavit, stating that such appeal is not taken for the purpose of vexation or delay, but because the affiant believes that the appellant is aggrieved by the judgment or decision of the court.

"Sec. 4. Upon the appeal being made, the circuit court shall make an order allowing the same; such allowance shall stay the execution in the following cases, and no others: *First*, when the appellant shall be executor or administrator, and the action be by or against him as such; *second*, when the appellant or some responsible person for him, together with two sufficient securities, to be approved by the court during the same term at which the judgment or decision appealed from was rendered, enter into a recognizance to the adverse party in a sum sufficient to secure the debt, damages, and costs, etc. * * *

"Sec. 6. * * * The appellant shall file, in the office of the superior court, at least ten days before the first day of such court to which the appeal is returnable, a perfect transcript of the record and proceedings in the case," etc. Comp. Laws, p. 106, §§ 3, 4, 6; also Prince's St. p. 68, §§ 3, 4, 6.

This statute also is taken from the Kearney Code. Both statutes are among the first enactments of the territorial legislature, and are still in force. But in regard to appeals from the probate courts, several material changes have been made in the law from time to time, but ultimately they were all placed upon the statute book, and reenacted as one law. Thus in 1853 an act was passed as follows: "All appeals from inferior tribunals to the probate or district courts shall be tried anew in said courts on their merits as if no trial had been had below." Comp. Laws, p. 206, § 14, and Prince's St. p. 166, § 14. In 1859 a general act in regard to the jurisdiction and duties of justices of the peace was passed, in which was injected a provision as follows: "Appeals from the probate courts shall be taken hereafter in the same manner as from justices of the peace at the term when the order or judgment appealed from shall have been rendered, and the bond shall be approved by the probate judge." Comp. Laws, p. 184, § 5.

There are several provisions in regard to appeals from justices' courts, but the only ones having any bearing on this case are as follows:

"Sec. 81. Any person aggrieved by any judgment rendered by any justice (Alcalde) may appeal, by himself, his agent, or attorney, to the district court of the county where the same was rendered: provided, however, that no appeal shall be allowed unless the party appealing shall file a bond to the adverse party in a sum sufficient to secure such judgment and costs, with one or more sureties, to be approved by the justice, (Alcalde.)

"Sec. 82. Upon an appeal being made according to the foregoing section the justice (Alcalde) shall allow the same and make an entry of such allowance on his docket, and all further proceedings on the judgment shall be suspended by the allowance of the appeal.

"Sec. 83. On or before the first day of the next term of the district court for the county the justice (Alcalde) shall file in the office of the clerk of said court a transcript of all the entries made in his docket relating to the case, together with all the papers relating to the suit." Comp. Laws, N. M. p. 162, §§ 81, 82, 83.

Also another act, as follows: "That from and after the passage of this act in all appeals from the sentences of justices of the peace to the probate court or to the district court, the appellant shall cause to be filed in the office of probate court or in the office of the district court, as the case may be, a *certified* transcript of the record and proceedings had before the justice of the peace, together with the original oath, recognizance, and other original papers in the cause, on or before the return day of the appeal." Id. p. 172, § 114.

On January 24, 1865, an act was passed, and among its provisions are the following: "That the Revision of the statutes commencing with article one, entitled 'Acquests,' and ending with article sixty seven, entitled ' Woods and Prairies,' with all and each of the articles and chapters inclusive, be and the same are hereby declared to be the Revised Statutes and laws of the territory of New Mexico, and as such shall have full force and effect in, all courts thereof."

The Revised Statutes here referred to are what are commonly known as the Compiled Laws of New Mexico. Id. 742. This act, establishing as law the various enactments embraced within the compilation of statutes of that date, covers all the laws above recited in regard to appeals from probate courts. From this legislative *snarl* the question is presented as to *how* so simple a matter as an appeal from the probate to the district court must be taken. It is one of those complicated anomalies in legislation that can have but little to commend it beyond an amusing puzzle for courts and lawyers.

On behalf of the appellant it is claimed that the modes of appeal from justices' courts and from district courts are so radically different that they cannot be harmonized and applied to appeals from probate courts, and that the mode of appeal from justices of the peace is the only one that can be applied. We cannot concur in this view. There

is one way only in which these various acts can be harmonized, and that is by a substantial compliance with them all. Appeals from the district courts require an affidavit of non-vexation and delay; that the appeal be taken at the same term at which the judgment or decision is rendered; that a transcript of the record be sent up, and a bond as a conditition precedent to a *supersedeas*, etc., while appeals from justices' courts require a bond as a condition precedent to an appeal. The appeal itself operates as a *supersedeas*—not only a transcript of the docket entries, but also the original papers must be transmitted to the appellate court, and in cases of "sentences" the transcript must be *certified* to. No one need have any difficulty in complying with all these provisions of the law, so far as they are applicable to appeals from probate courts.

In the light of these views it follows that if, on an appeal from the probate, at a term thereof, to the district court, the proper affidavit of non-vexation and delay were made and filed, the proper bond covering the damages and costs executed and filed, the order allowing the appeal entered, and a *certified* transcript of the record, together with the original papers in the case, were transmitted to the appellate court, the appeal would be regular.

It appearing from the record that all the conditions precedent to an appeal were not complied with, our opinion is that the appeal was irregular and properly dismissed.

Judgment below affirmed.

AXTELL, C. J. I concur.